IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| Jerry Sexton, | ) | |
|---|---|---|
| Petitioner, | ) | Civil Action No.: 5:19-cv-01007-JMC |
| v. | ) | |
| United States of America, | ) | **ORDER** |
| Respondent. | ) | |

Before the court for review is the Magistrate Judge's Report and Recommendation ("Report") filed on April 9, 2019 (ECF No. 8). The Report addresses Petitioner Jerry Sexton's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that he is serving unconstitutional sentences for convictions in Virginia and South Carolina that were based on substantially identical federal charges and evidence. (ECF No. 1 at 23-24.) The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **TRANSFERS** Petitioner Sexton's Petition for Writ of Habeas Corpus (ECF No. 1) to the United States District Court for the Eastern District of Virginia.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 8 at 1.) As brief background, on April 5, 2019, Petitioner, proceeding *pro se*, commenced this § 2241 action against Respondent, United States of America ("the Government"). (ECF No. 1.) On April 9, 2019, the Magistrate Judge entered her Report, recommending that the case be transferred to the United States District Court for the Eastern District of Virginia "[b]ecause Petitioner is incarcerated at the Federal Correctional Complex in Petersburg, Virginia, [meaning] this court lacks personal jurisdiction over his custodian." (ECF No. 8 at 3.) Accordingly, the Magistrate Judge recommended that the

court transfer the case to the United States District Court for the Eastern District of Virginia for further processing. (*See id.* (citing 28 U.S.C. § 1631 (noting a district court should transfer a habeas petition to the proper district court, if such transfer would further the interest of justice)).) Additionally, based on her recommendation of transfer, the Magistrate Judge did not conduct further proper-form review. (*Id.*)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court; the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify, in whole or in party, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

On April 9, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections to the Report and Recommendation. (ECF No. 8 at 4.) Neither party filed any objections to the Report within the prescribed time limits. In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since neither party filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

### IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case and contains no clear error. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 8) and incorporates it herein by reference. For the reasons set out in the Report, the court **TRANSFERS** Petitioner Sexton's Petition for Writ of Habeas Corpus (ECF No. 1) to the United States District Court for the Eastern District of Virginia.

**IT IS SO ORDERED.**

United States District Judge

May 31, 2019
Columbia, South Carolina