## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

JERRY SEXTON, #05852-084,

      Petitioner,

v.                                          ACTION NO.   2:19cv292

JUSTIN ANDREWS, Warden,

      Respondent.

### UNITED STATES MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

This matter is before the Court on a *pro se* motion for default judgment filed by petitioner Jerry Sexton ("Sexton"). ECF No. 25. For the following reasons, the Court **RECOMMENDS** that Sexton's motion for default judgment be **DENIED**.

Sexton, a federal inmate convicted in the United States District Court for the Western District of Virginia and the United States District Court for the District of South Carolina, and housed at the Petersburg Federal Correctional Complex, has submitted a *pro se* petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Sexton originally filed his petition in the United States District Court for the District of South Carolina, and the petition was transferred to this Court on June 3, 2019. ECF Nos. 1, 15.

On May 14, 2020, the Court ordered respondent to file, within sixty (60) days from the date of the order, an answer to the petition and, if appropriate, a motion to dismiss. ECF No. 24.

On August 28, 2020, Sexton filed a motion for default judgment, requesting that the Court grant the relief requested in the petition due to respondent's failure to timely respond. ECF No. 25. On September 3, 2020, the Court ordered respondent to show cause by September 11, 2020, why an answer has not been filed in this case. ECF No. 26.

On September 11, 2020, respondent filed a response to the show cause order, a motion for extension of time to respond, and a motion to dismiss for lack of jurisdiction, with a memorandum in support. ECF Nos. 28–31. The response to the order to show cause explains that, "[d]ue to an unintentional administrative error at the United States Attorney's Office, a case file was never opened and the assigned Assistant United States Attorney in the Criminal Division was not made aware of the case assignment." ECF No. 28 at 3. Further, "[t]he error was not identified until the Court issued its Order to Show Cause." *Id.*

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments. Rule 55(a) authorizes the entry of a default by the Clerk upon a showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). A court must "exercise sound judicial discretion" when considering whether to enter default judgment, "and the moving party is not entitled to default judgment as a matter of right." *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citing *Sentry Select Ins. Co. v. LBL Skysystems (U.S.A.) Inc.*, 486 F. Supp. 2d 496, 502 (E.D. Pa. 2007)). Courts consider a variety of factors in assessing whether the entry of default judgment is appropriate, including, *inter alia*, whether the defendant's failure to respond was "caused by a good-faith mistake" or "excusable . . . neglect," and "whether plaintiff has been substantially prejudiced by the delay involved." 10A Wright and Miller, Federal Practice and Procedure

§ 2685 (4th ed. 2020). Moreover, the United States Court of Appeals for the Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

Less than one week after Sexton filed his motion for default judgment, the Court entered a show cause order. ECF Nos. 25–26. Eight days later, respondent responded to the show cause order, moved for an extension of time to respond to the petition, and responded to the petition with a motion to dismiss for lack of jurisdiction with a memorandum in support. ECF Nos. 28–31. The respondent's administrative oversight and quick action rectifying the issue upon discovery constituted good cause and excusable neglect, and the short delay did not substantially prejudice Sexton. Under these circumstances, and due to the Fourth Circuit's preference for avoiding defaults, Sexton's motion for default judgment, ECF No. 25, should be **DENIED.**

## REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of

the Federal Rules of Civil Procedure).

    2.    A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
December 3, 2020

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Jerry Sexton, #05852-084
Federal Correctional Complex
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By \_\_\_\_/s/ J.L. Meyers\_\_\_\_\_
      Deputy Clerk

\_\_\_\_December 3\_\_\_\_, 2020