UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JERRY SEXTON, #05852-084,

    Petitioner,

v.                                                       ACTION NO. 2:19cv292

JUSTIN ANDREWS, Warden,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on a petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by petitioner Jerry Sexton ("Sexton"), and respondent's motion to dismiss for lack of jurisdiction. ECF Nos. 1, 30. Sexton originally filed his petition in the United States District Court for the District of South Carolina, and the petition was transferred to this Court on June 3, 2019. ECF Nos. 1, 15. For the reasons discussed below, and pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Civil Rule 72, it is hereby **RECOMMENDED** that respondent's motion to dismiss the petition (ECF No. 30) be **GRANTED**, and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

    I.    **STATEMENT OF THE CASE**

The Court has received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241. ECF No. 1. Sexton, a federal inmate convicted in the United States District Court for the Western District of Virginia and the United States District Court for the District of South Carolina, and housed at the Petersburg Federal Correctional Complex, challenges his

criminal convictions in the District of South Carolina on double jeopardy grounds. ECF No. 1 at 23, 25. Sexton brings this petition under the savings clause of 28 U.S.C. § 2255(e), seeking to have his convictions and sentence vacated. *See id.* at 25.

A. **Sexton's Trial and Appeals in the Western District of Virginia**

A complaint and arrest warrant were issued for Sexton in the Western District of Virginia on January 29, 1997, and the grand jury returned an indictment the same day alleging drug and firearm violations. *United States v. Sexton*, No. 3:97cr9 (W.D. Va.), ECF Nos. 1, 3. The grand jury returned a superseding indictment on March 27, 1997. *Id.*, ECF No. 37. Following his jury trial held on May 13–15, 1997, Sexton was found guilty of eight drug and firearm charges.[1] *Id.*, ECF No. 53. He was sentenced on October 15, 1997, to 200 months in prison. *Id.*, ECF No. 59.

Sexton filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on October 24, 1997. *Id.*, ECF No. 61. On May 12, 1999, the Fourth Circuit affirmed Sexton's convictions. *United States v. Sexton*, Nos. 97-4862, 97-4863, 178 F.3d 1288, 1999 WL 288380, at *5 (4th Cir. May 10, 1999) (unpublished table opinion).

The Western District of Virginia dismissed Sexton's *pro se* motion pursuant to 28 U.S.C. § 2255 on September 23, 2004. *Sexton v. United States*, No. 7:00cv578, 2004 WL 2110711, at *4 (W.D. Va. Sept. 23, 2004). The Fourth Circuit dismissed Sexton's appeal of the section 2255

---

[1] Sexton was found guilty of possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1); possession with intent to distribute amphetamine, 21 U.S.C. § 841(a)(1); possession of a firearm during a drug trafficking crime, 18 U.S.C. § 924(c); conspiracy to distribute cocaine and marijuana, 21 U.S.C. § 846; conspiracy to use a firearm in a drug trafficking crime, 18 U.S.C. § 924(o); possession of a nonregistered firearm, 26 U.S.C. § 5861(d); possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1); and possession of a firearm by a fugitive, 18 U.S.C. § 922(g)(2). *See United States v. Sexton*, Nos. 97-4862, 97-4863, 178 F.3d 1288, 1999 WL 288380, at *2 n.5 (4th Cir. May 10, 1999) (unpublished table opinion).

ruling, and denied Sexton a certificate of appealability on December 28, 2004. *United States v. Sexton*, No. 04-7700, 117 F. App'x 282, 2004 WL 2988501, at *1 (4th Cir. Dec. 28, 2004) (unpublished per curiam opinion).

B. **Sexton's Trial and Appeals in the District of South Carolina**

The grand jury returned an indictment against Sexton in the District of South Carolina on April 9, 1997, alleging drug and firearm violations. *United States v. Sexton*, No. 2:97cr361 (D.S.C.), ECF No. 1. The grand jury returned superseding indictments against Sexton on April 15, 1998, and June 10, 1998. *Id.*, ECF Nos. 25–26. Sexton moved to dismiss the indictment on double jeopardy grounds based on his prior convictions in the Western District of Virginia. *Id.*, ECF No. 30. The district court dismissed two counts of the indictment on double jeopardy grounds, but denied the motion as to the remaining counts finding that the charges were based on different facts than those underlying the convictions in the Western District of Virginia. *Id.*, ECF No. 33. Following an interlocutory appeal of the order, the Fourth Circuit affirmed the district court order. *Id.*, ECF No. 40; *see United States v. Sexton*, Nos. 98-4887, 98-4893, 194 F.3d 1306, 1999 WL 760233, at *2 (4th Cir. Sept. 24, 1999) (unpublished table opinion).

The grand jury returned three additional superseding indictments against Sexton on March 16, May 10, and August 10, 2000. *United States v. Sexton*, No. 2:97cr361 (D.S.C.), ECF Nos. 47, 60, 83. A jury trial was held on September 11–14, 2000, and the jury convicted Sexton of nine counts in the fifth superseding indictment, charging possession of cocaine with intent to distribute, money laundering, and various firearms offenses.[2] *Id.*, ECF No. 102. He was sentenced on

---

[2] Sexton was convicted of possession with intent to distribute cocaine, 21 U.S.C. § 841; possession of a firearm by a convicted felon, 18 U.S.C. § 922(g); possession of a silencer, 26 U.S.C. § 5861(c); possession of an unregistered silencer, 26 U.S.C. § 5861(d); knowingly making a silencer, 26

3

January 25, 2001, to life plus 240 months in prison. *Id.*, ECF No. 115.

Sexton filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit on January 26, 2001. *Id.*, ECF No. 116. On March 20, 2002, the Fourth Circuit affirmed Sexton's convictions. *Id.*, ECF No. 133; *United States v. Sexton*, 30 F. App'x 295, 296 (4th Cir. Mar. 20, 2002) (unpublished per curiam opinion).

## C. Sexton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

Sexton filed his pending petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina on April 5, 2019. ECF No. 1 at 1. Sexton alleges he was twice convicted for the same illegal conduct and his convictions in the District of South Carolina violated the prohibition against double jeopardy and resulted in a fundamental miscarriage of justice. *Id.* at 2, 24–25. Sexton seeks to have his South Carolina convictions vacated. *Id.* at 25.

The United States District Court for the District of South Carolina transferred Sexton's petition to this Court on June 3, 2019. ECF No. 15. On September 11, 2020, respondent filed a motion to dismiss for lack of jurisdiction with a memorandum in support. ECF Nos. 30–31.

On September 29, 2020, Sexton filed supplemental authority in support of his petition, but Sexton has not responded to the motion to dismiss and the time for responding has expired. ECF No. 33.

The petition and motion to dismiss are now ripe for decision.

---

U.S.C. § 5822; use of and carrying a silencer during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c); possession of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c); possession of a machine gun, 18 U.S.C. § 922(o); and money laundering, 18 U.S.C. § 1956(a)(1)(A)(i). *United States v. Sexton*, No. 2:97cr361 (D.S.C.), ECF No. 102.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

Sexton's petition challenges the lawfulness of his conviction and sentence in the District of South Carolina, rather than the execution of his sentence. The proper mechanism for raising such a challenge is a motion pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(a); *Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015) (finding "a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255" (citation omitted)). The "savings clause" in 28 U.S.C. § 2255(e), however, provides an option for a federal prisoner to challenge the legality of his detention by means of a section 2241 habeas petition if section 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *Fontanez*, 807 F.3d at 86.[3]

Access to relief pursuant to the savings clause is only available "in a limited number of circumstances," and "[i]t is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (citations omitted). Instead, Fourth Circuit precedent establishes that a section 2255 motion is inadequate and ineffective to test the legality of a *conviction* when:

(1) at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was

---

[3] Title 28 of the United States Code, section 2255(e) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

5

>   convicted is deemed not to be criminal; and
>
> (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333–34 (formatting altered).

The savings clause requirements are jurisdictional, and all prongs must be met. *Braswell v. Smith*, 952 F.3d 441, 446–47 (4th Cir. 2020). A petitioner seeking to invoke the savings clause bears the burden of showing that a section 2255 motion is inadequate or ineffective. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the petitioner.").

Sexton has not met his burden of showing section 2255 is inadequate or ineffective for the following reasons. First, a federal petitioner can pursue a section 2241 petition only if he had no opportunity to pursue his claim utilizing a section 2255 motion. *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (holding that if a petitioner "had an unobstructed procedural shot at filing a § 2255 motion . . . , a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction"). Sexton did have an opportunity to pursue a section 2255 motion following his convictions in the District of South Carolina. He previously filed a section 2255 motion following his convictions in the Western District of Virginia and knew how to proceed with such a motion. Further, he was aware of, and addressed the double jeopardy issue in the District of South Carolina prior to his trial with some success. The district court dismissed some charges against Sexton on the basis of double jeopardy, but denied the motion with respect to the remaining charges and the Fourth Circuit affirmed the decision. *Sexton*, 194 F.3d at 1306. Following his convictions in the District of South Carolina, Sexton had the

opportunity to pursue a section 2255 motion, which forecloses his request for relief pursuant to section 2241. *See Rice*, 617 F.3d at 807.

Second, Sexton has failed to show that, subsequent to his direct appeal, the substantive law changed such that the conduct of which he was convicted is no longer criminal. *See In re Jones*, 226 F.3d at 334. Sexton has not identified any change in the substantive law following his direct appeal. *See* ECF No. 1.

Due to Sexton's failure to satisfy the requirements of *In re Jones*, the Court lacks jurisdiction over his section 2241 petition, and it is subject to dismissal without prejudice. *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

### III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that respondent's motion to dismiss the petition (ECF No. 30) be **GRANTED** and the petition for a writ of habeas corpus (ECF No. 1) be **DENIED** and **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

### IV. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C.

§ 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Robert J. Krask
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
March 3, 2021

## Clerk's Mailing Certificate

A copy of the foregoing was provided electronically to counsel for respondent and was mailed this date to:

Jerry Sexton, #05852-084
FCI Petersburg Medium
Federal Correctional Institution
P.O. Box 1000
Petersburg, VA 23804

Fernando Galindo, Clerk

By ____/s/ J. L. Meyers____
Deputy Clerk

March __3__, 2021